UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Jennifer Jones,
Terrell Bolling,
Levy Ayers,
Quanika Drake
and J.K. (a minor),
and other similarly situated individuals,

    Plaintiffs,

v.

John E. Ferebee Farming, Inc.

    Defendant,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, J.K. (a minor), and other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendant John E. Ferebee Farming, Inc., and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular wages and retaliation under United States laws. Accordingly, this Court has jurisdiction

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) are residents of Palatka, Putnam County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant John E. Ferebee Farming, Inc. (from now John E. Ferebee Farming, or Defendant) is a Foreign Company, doing business in Candem, NC, and contracting labor in Palatka, Putnam County, Florida.

4. Defendant John E. Ferebee Farming was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

5. All the actions raised in this Complaint occurred in Putnam County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) as a collective action to recover from Defendant minimum wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked for Defendant during one or more weeks on or after June 2023, (the "material time") without being adequately compensated.

7. Defendant is a farm dedicated to growing a variety of potatoes. Defendant has washing, storage, and packing facilities.

8. Defendant JOHN E. FEREBEE FARMING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a farm-producing potato. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as packing laborers. Plaintiffs regularly handled and worked on goods and materials produced for commerce

and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant John E. Ferebee Farming employed Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) as farm laborers from approximately June 13, 2023, to June 21, 2023, or one week.

11. Plaintiffs were hired in Palatka, Putnam County, Florida to work as farm laborers. Plaintiffs were promised to pay minimum Florida minimum wages, or $11.00 an hour.

12. Plaintiffs were sent to work in Candem, NC. While employed by Defendant, Plaintiffs worked a total of one week with 62 hours.

13. On payday, Plaintiffs Jennifer Jones, Terrell Bolling, and Quanika Drake, did not receive wages corresponding with the number of hours worked. Plaintiffs were not paid for 4 hours of training time, which is compensable time, and they were paid at an hourly rate lower than the required minimum wage.

14. Furthermore, Plaintiffs Levy Ayers and J.K. (a minor) did not receive wages at all.

15. Plaintiffs complained to their superiors about the number of hours paid, the wage rate applied, and the illegal deductions, or penalties for unauthorized reasons. Plaintiffs also complained about their working conditions.

16. Plaintiffs clocked in and out, and Defendant could track the number of hours worked by Plaintiffs and other similarly situated individuals.

17. Therefore, Defendant willfully failed to pay minimum wages in violation of 29 U.S. Code §206 (a)(1).

18. Upon receiving their wages, Plaintiffs complained to their superiors about the number of hours paid, the wage rate applied, and the illegal deductions, or penalties for unauthorized reasons. Plaintiffs also complained about their working conditions, Plaintiff were treated as slaves.

19. As a response to Plaintiffs' complaints, Defendant fired Plaintiffs immediately.

20. Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) seek to recover unpaid regular wages accumulated during their relevant time of employment with Defendant, liquidated damages, and any other relief as allowable by law.

21. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

22. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

Collective Action Allegations

23. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

25. This action is intended to include every farm laborer and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE

26. Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) re-adopt every factual allegation as stated in paragraphs 1-25 of this Complaint, as if set out in full herein.

27. Plaintiffs bring this action to recover from the Employer John E. Ferebee Farming unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

28. Defendant John E. Ferebee Farming was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

29. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

30. Defendant John E. Ferebee Farming, Inc. employed Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) as non-exempted, full-time employees from approximately June 13, 2023, to June 21, 2023, or one week.

31. Plaintiffs were hired to work as farm laborers. Plaintiffs were supposed to be paid at the minimum wage rate of $11.00 an hour.

32. While employed by Defendant, Plaintiffs had a regular and mandatory schedule, and they worked a total of one week with 62 working hours.

33. During their employment with Defendant, Plaintiffs were not paid wages for every hour worked.

34. On payday, Plaintiffs Jennifer Jones, Terrell Bolling, and Quanika Drake were not paid for all their working hours. Plaintiffs were not paid for 4 hours of

training time which is compensable time, and they were paid less than the required minimum wage rate.

35. Furthermore, Plaintiffs Levy Ayers and J.K. (a minor) did not receive wages at all.

36. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

37. Plaintiffs clocked in and out, and Defendant could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about Plaintiffs' number of working hours for the week.

38. Therefore, Defendant willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

39. Plaintiffs were fired on or about June 21, 2023, after they complained about unpaid wages.

40. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll is received from Defendant.
* Florida's minimum wage for 2023 is $11.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### 1.- Minimum wage Claim of Plaintiff Jennifer Jones

a. <u>Total amount of alleged unpaid wages</u>:

   One Hundred Fort-Fivey Dollars and 50/100 ($145.50)

b. <u>Calculation of such wages</u>:

   Total period of employment: 1 week
   Total hours worked: 62 hours
   Total number of hours paid: 58 hours
   Total number of unpaid hours: 4 hours
   Rate paid: $9.25 an hour
   Fl Minimum wage 2023: $11.00-$9.25=$1.75  difference

   i. $1.75 diff. x 58 hours=$101.50
   ii. $11.00 Min. wage x 4 unpaid hours (training time)=$44.00

c. <u>Nature of wages</u>:
   This amount represents regular unpaid wages at the Florida minimum wage rate.[1]

### 2.-Minimum Wage Claim of Plaintiff Terrell Bolling

---

[1] At this time, Plaintiffs has limited time and payment records. Accordingly, Plaintiffs estimates her damages and reserves the right to amend the calculations.

a. <u>Total amount of alleged unpaid wages</u>:

   One Hundred Thirty-One Dollars and 00/100 ($131.00)

b. <u>Calculation of such wages</u>:

   Total period of employment: 1 week
   Total hours worked: 62 hours
   Total number of hours paid: 58 hours
   Total number of unpaid hours: 4 hours
   Rate paid: $9.50 an hour
   Fl Minimum wage 2023: $11.00-$9.50=$1.50 difference

   i. $1.50 diff. x 58 hours=$87.00
   ii. $11.00 Min. wage x 4 unpaid hours (training time)=$44.00

c. <u>Nature of wages</u>:

   This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

### 3.- Minimum wage Claim of Plaintiff Quanika Drake

a. <u>Total amount of alleged unpaid wages</u>:

   Three Hundred Ten Dollars and 75/100 ($310.75)

b. <u>Calculation of such wages</u>:

   Total period of employment: 1 week
   Total hours worked: 62 hours
   Total number of hours paid: 45 hours
   Total number of unpaid hours: 17 hours
   Rate paid: $8.25 an hour
   Fl Minimum wage 2023: $11.00-$8.25=$2.75 difference

---

[2] At this time, Plaintiffs has limited time and payment records. Accordingly, Plaintiffs estimates his damages and reserves the right to amend the calculations

      i.  $2.75 diff. x 45 hours=$123.75
      ii.  $11.00 Min. wage x 17 unpaid hours (4 hours training time + 13 unpaid hours)=$187.00

  c. <u>Nature of wages:</u>
This amount represents regular unpaid wages at the Florida minimum wage rate.[3]

### 4.- Minimum wage Claim of Plaintiff Levy Ayers

  a. <u>Total amount of alleged unpaid wages</u>:

Three Hundred Ninety-Six Dollars and 00/100 ($396.00)

  b. <u>Calculation of such wages</u>:

Total period of employment: 1 week
Total hours worked: 36 hours
Total number of hours paid: 0 hours
Total number of unpaid hours: 32 hours
Fl Minimum wage 2023: $11.00

      i.  $11.00 Min. wage x 32 unpaid hours=$352.00
      ii.  $11.00 Min. wage x 4 training time hours=$44.00

  c. <u>Nature of wages:</u>
This amount represents regular unpaid wages at the Florida minimum wage rate.[4]

### 5.- Minimum wage Claim of Plaintiff J.K. (a minor)

  a. <u>Total amount of alleged unpaid wages</u>:

---

[3] At this time, Plaintiffs has limited time and payment records. Accordingly, Plaintiffs estimates her damages and reserves the right to amend the calculations.

[4] At this time, Plaintiffs has limited time and payment records. Accordingly, Plaintiffs estimates his damages and reserves the right to amend the calculations.

>   Six Hundred Eighty-Two Dollars and 00/100 ($682.00)
>
>   b. <u>Calculation of such wages:</u>
>
>   Total period of employment: 1 week
>   Total hours worked: 62 hours
>   Total number of hours paid: 62 hours
>   Total number of unpaid hours: 62 hours (including 4 hours training)
>   Fl Minimum wage 2023: $11.00
>
>   i. $11.00 Min. wage x 58 unpaid hours=$638.00
>   ii. $11.00 Min. wage x 4 training time hours=$44.00
>
>   c. <u>Nature of wages:</u>
>   This amount represents regular unpaid wages at the Florida minimum wage rate.[5]

42. Defendant John E. Ferebee Farming unlawfully failed to pay Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) minimum wages.

43. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendant as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

---

[5] At this time, Plaintiffs has limited time and payment records. Accordingly, Plaintiffs estimates his damages and reserves the right to amend the calculations.

44. Defendant John E. Ferebee Farming willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

45. Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

Prayer for Relief

Wherefore, Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor), and those similarly situated respectfully request that this Honorable Court:

  A. Enter judgment for Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

  B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

  C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

  D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

  E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor), and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFFS; PURSUANT TO 29 U.S.C. 215(a)(3)

46. Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) re-adopt every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

47. The employer John E. Ferebee Farming was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

48. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

50. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted

any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51. Defendant John E. Ferebee Farming employed Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) as non-exempted employees from approximately June 13, 2023, to June 21, 2023, or one week.

52. Plaintiffs were hired to work as farm laborers. Plaintiffs were supposed to be paid at the minimum wage rate of $11.00 an hour.

53. While employed by Defendant, Plaintiffs had a regular and mandatory schedule, and they worked a total of one week with 62 working hours.

54. During their employment with Defendant, Plaintiffs were not paid wages for every hour worked.

55. On payday, Plaintiffs Jennifer Jones, Terrell Bolling, and Quanika Drake were not paid for all their working hours. Plaintiffs were not paid for 4 hours of training time which is compensable time, and they were paid less than the required minimum wage rate.

56. Furthermore, Plaintiffs Levy Ayers and J.K. (a minor) did not receive wages at all.

57. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

58. Plaintiffs clocked in and out, and Defendant could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about Plaintiffs' number of working hours for the week.

59. Therefore, Defendant willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

60. Upon receiving their wages, Plaintiffs complained to their superiors about the number of hours paid, the wage rate applied, and the illegal deductions, or penalties for unauthorized reasons. Plaintiffs also complained about their working conditions, Plaintiff were treated as slaves.

61. These complaints constituted protected activity under the FLSA.

62. However, in retaliation for Plaintiffs' complaints, Defendant fired Plaintiffs immediately.

63. At the time of Plaintiffs' termination, Defendant John E. Ferebee Farming refused to pay Plaintiffs their hard-earned wages.

64. At all times during their employment, Plaintiffs performed their work satisfactorily. Accordingly, there was no reason other than unlawful employment practices to discharge Plaintiffs.

65. The motivating factor which caused Plaintiffs' discharge, as described above, was their complaints about unpaid wages. In other words, Plaintiffs would not have been discharged but for their complaints about unpaid wages.

66. Defendant willfully and maliciously retaliated against Plaintiffs by engaging in a retaliatory action materially adverse to a reasonable employee and with the purpose of dissuading them from exercising their rights under 29 U.S.C. 215(a)(3).

67. Defendant's discharge of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

68. Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant John E. Ferebee Farming that Plaintiffs recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiffs recover an award of reasonable attorney's fees, costs, and expenses.

D. Order Defendant John E. Ferebee Farming to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) further pray for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiffs Jennifer Jones, Terrell Bolling, Levy Ayers, Quanika Drake, and J.K. (a minor) demand a trial by jury of all issues triable as of right by a jury.

Date: June 30, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:    (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*