UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNIFER JONES, et al.,

    Plaintiffs,

v().                                                         CASE NO. 3:23-cv-760-WWB-JBT

JOHN E. FEREBEE FARMING, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice and Incorporated Memorandum of Law ("Motion") (Doc. 32). For the reasons set forth herein, the Motion is due to be **DENIED without prejudice** to the Parties filing a new motion **on or before April 1, 2024**.

For the undersigned to recommend approval of the proposed settlement agreement, the Parties must do the following:

    1.    File the proposed settlement agreement on the public docket as an attachment to the new motion. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010) ("Reviewing an FLSA settlement agreement under seal conflicts with the public's access to judicial records, frustrates appellate review of a judge's decision to approve (or reject) an FLSA compromise, contravenes congressional policy encouraging widespread compliance with the FLSA, and

furthers no judicially cognizable interest of the parties.").

    2.    Remove paragraph four ("Confidentiality and Non-Disparagement") from the terms section of the proposed settlement agreement. Such clauses are generally considered unreasonable and unenforceable in the context of an FLSA case. *See Dees*, 706 F. Supp. 2d at 1243 ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); *Singh v. Petersendean Roofing & Solar Sys., Inc.*, No. 6:17-cv-111, 2018 WL 3219410, at *1 (M.D. Fla. July 2, 2018) ("While this Court acknowledges that confidentiality provisions have been upheld in this circuit when separate consideration is given, this Court is of the opinion that such payment 'does not remedy [the] concern about the possible frustration of the notice requirement to other employees.'" (citations and footnote omitted)); *DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1330 (M.D. Fla. 2013) ("Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit Plaintiff's rights under the First Amendment.").[1]

---

[1] Additionally, the filing of an FLSA settlement agreement on the public docket generally renders any confidentiality provision unenforceable. *Singh*, 2018 WL 3219410 at *1 (such provisions are "inherently unenforceable due to the fact that the underlying settlement agreement is filed on a public docket"). Moreover, for the reasons stated above, and in accordance with Local Rule 1.11(e), sealing of the agreement is not an option.

3. Clearly state whether Plaintiffs' attorneys' fees and costs were negotiated separately and without regard to the amounts paid to Plaintiffs so that the Court can determine whether the amount of attorneys' fees and costs is reasonable. *See Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

4. Provide the Court with sufficient information to determine whether the proposed settlement should be approved as "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). For example, the Parties have not sufficiently explained what the disputed issues were, what the compromise was, and why it is reasonable. The Motion states that "[t]he Parties dispute whether Plaintiffs are actually owned [sic] any back wages, or whether they were paid all amounts due Plaintiffs [sic]. Accordingly, given that the Parties dispute whether Plaintiffs are owed any back wages, a bona fide dispute exists." (Doc. 32 at 7.) These boilerplate and conclusory assertions regarding the Parties' positions are insufficient.[2]

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 32**) is **DENIED without prejudice**.

---

[2] The Motion also provides no indication whether any settlement amounts are attributable to Count II of the Complaint. (Doc. 1 at 14–17.)

2.      **On or before April 1, 2024**, the parties shall file a new motion and a revised settlement agreement in accordance with this Order.

**DONE AND ORDERED** in Jacksonville, Florida, on March 11, 2024.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record