UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNIFER JONES, et al.,

      Plaintiffs,

vs.                                       Case No. 3:23-cv-00760-BJD-JBT

JOHN E. FEREBEE FARMING, INC.

      Defendant.
_____/

**REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW[1]**

Plaintiffs, JENNIFER JONES, TERRELL BOLLING, LEVY AYERS, QUANIKA DRAKE, and J.K., a minor (collectively the "Plaintiffs"), and Defendant, JOHN E. FEREBEE FARMING, INC. ("Defendant"), by and through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action. In further support, the Parties state as follows:

1. Plaintiffs filed suit in the United States District Court, Middle District of Florida under the case style <u>Jennifer Jones, et al. v. John E. Ferebee Farming, Inc.</u>, Case No. 3:23-cv-00760-BJD-JBT, on June 30, 2023.

---

[1] This Revised Joint Motion is being filed pursuant to the Order dated March 11, 2024, Dkt. 34.

2. Plaintiffs claim to be owed back wages pursuant to the Fair Labor Standards Act by and against Defendant for work allegedly performed for Defendant. Plaintiffs also claim to be owed damages for alleged retaliation under the Fair Labor Standards Act.

3. Defendant denies all liability and believe that it would ultimately prevail on all issues in this or any other action by Plaintiffs, but believe the Settlement Agreement and General Release entered into by the Parties (the "Settlement Agreement") to be in its best interest due to anticipated costs in legal expenses and distraction of personnel from their normal duties.

4. The defenses raised by Defendant, and the legal authorities and evidence in support of those defenses, make any recovery to Plaintiffs uncertain, and the amount they might recover if they do prevail is also uncertain. More specifically, and as set forth in Defendant's Answer and Affirmative Defenses, Dkt. 14, Defendant maintains, *inter alia,* the following: (1) Plaintiffs were never actually employees of Defendant; (2) Plaintiffs were paid any and all amounts due and owing; and (3) the North Carolina minimum wage applies—not the Florida minimum wage as alleged in the Complaint—reducing (or eliminating) any recovery to Plaintiffs. The proposed settlement is for amounts that Plaintiffs agree to accept as full compensation for any wages or other damages that may be due, and for a general release that Plaintiffs agree to be fair and reasonable given the

facts and circumstances, and the risk that a court may find that Plaintiffs are entitled to no back wages or other damages.

5. As set forth in the Settlement Agreement, additional consideration is being provided to Plaintiffs in exchange for their agreement to the general release set forth in the Settlement Agreement and the settlement of the retaliation claims set forth in Count II of the Complaint. As detailed herein, each Plaintiff is receiving a total payment of at least double the FLSA wages (both back and liquidated) alleged by Plaintiffs to be owing, and some of the Plaintiffs are receiving significantly more than double the FLSA wages allegedly owing. Accordingly, Plaintiffs are receiving sufficient additional consideration for inclusion of a general release and the settlement of the retaliation claims set forth in Count II of the Complaint.

6. To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice as to all of Plaintiffs' claims, including Plaintiffs' FLSA wage claims and retaliation claims. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

## MEMORANDUM OF LAW

There are two ways in which claims for back compensation under the FLSA may be compromised or released by an employee. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. Id. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. Dail v. George A. Arab, Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

I.   **The Settlement**

Under the terms of the Settlement Agreement, Defendant shall pay Plaintiffs the total sum as set forth in the Settlement Agreement and as set forth in the

4

settlement payment allocation included in Section 10 of the Settlement Agreement, which includes any claimed attorneys' fees and costs. A copy of the Settlement Agreement is attached as **Exhibit "A"** to this Motion. The settlement payment was negotiated while taking into account the merits of all claims asserted by Plaintiffs.

The Settlement Agreement contains a mutual general release and resolves the retaliation claims set forth in Count II of the Complaint. While the Parties recognize that such provisions are generally disfavored in FLSA settlement agreements, the Parties believe that the inclusion of a mutual general release in the Settlement Agreement positively affects the fairness and reasonableness of the settlement, given that the Settlement Agreement resolves all claims asserted by Plaintiffs against Defendants, including those retaliation claims made by Plaintiffs (which do not require court approval), and considering the additional consideration provided to Plaintiffs as set forth herein. See Philman v. Designers Choice Cabinetry, LLC, Case No.: 6:20-cv-1307, 2021 WL 7709674-PGB-DCI, at *2 (M.D. Fla. Sept. 2, 2021) (recognizing that Lynn's Foods does not apply to FLSA retaliation claims and do not require court approval provided the settlement of the retaliation claims does not contaminate the settlement of the FLSA wage claims).

The inclusion of additional employee concessions in an FLSA wage settlement, including a general release, are proper when FLSA wage plaintiffs are provided additional and valuable consideration in exchange for the concessions.

5

See, e.g., Smith v. Aramark Corp., 6:14-CV-409-ORL, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving settlement agreement containing a general release where plaintiff received additional consideration for such provisions); Caamal v. Shelter Mortg. Co., L.L.C., 6:13-CV-706-ORL-36, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) ("a number of cases have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that went beyond the release of the FLSA claim").

Here, by and through additional monetary payments above and beyond the alleged wages due and owing, Defendant provided Plaintiffs additional and valuable consideration for the general release contained in the settlement agreement and the resolution of the retaliation claims set forth in Count II of the Complaint. More specifically, in their Answers to Court Interrogatories, Plaintiffs confirmed the following total amounts allegedly due and owing with respect to their FLSA wage claims:

Jennifer Jones - $291.00 (includes back and liquidated wages) (Dkt. 22)

Terrel Bolling - $262.00 (includes back and liquidated wages) (Dkt. 25)

Quanika Drake - $621.50 (includes back and liquidated wages) (Dkt. 26)

Levy Ayers - $792.00 (includes back and liquidated wages) (Dkt. 23)

J.K, a minor - $1,364.00 (includes back and liquidated wages) (Dkt. 24)

6

A comparison of the amounts set forth in the Plaintiffs' Answers to Court Interrogatories with the settlement payment allocation set forth in Section 10 of the Settlement Agreement, it is clear that Plaintiffs are receiving additional and valuable consideration in exchange for the inclusion of the general release and the settlement of the relation claims set forth in Count II of the Complaint. As set forth in Section 10, Plaintiffs are receiving the following payments:

Jennifer Jones - $2,250.00

Terrell Bolling - $2,250.00

Quanika Drake - $2,500.00

Levy Ayers - $2,500.00

J.K. - $3,000.00

Accordingly, each Plaintiff is receiving a total payment of at least double the FLSA wages (both back and liquidated) alleged by Plaintiffs to be owing, and some of the Plaintiffs are receiving significantly more than double the FLSA wages allegedly owing. Plaintiffs are being provided additional and valuable consideration for the additional concessions (general release and resolution of Count II) contained in the Settlement Agreement, and the inclusion of these terms do not contaminate the settlement of the FLSA wage claims.

## II. "Bona Fide" Disputes Exist

Lynn's Food Stores permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." Dees, 706 F. Supp. at 1241. Parties requesting review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the FLSA dispute. Id.

The Parties dispute whether Plaintiffs are actually owned any back wages, or whether they were paid all amounts due Plaintiffs. More specifically, and as set forth in Defendant's Answer and Affirmative Defenses, Dkt. 14, Defendant maintains, *inter alia*, the following: (1) Plaintiffs were never actually employees of Defendant; (2) Plaintiffs were paid any and all amounts due and owing; and (3) the North Carolina minimum wage applies—not the Florida minimum wage as alleged in the Complaint—reducing (or eliminating) any recovery to Plaintiffs. Plaintiffs dispute Defendant's affirmative defenses. Accordingly, given that the Parties dispute whether Plaintiffs are owed any back wages, a bona fide dispute exists.

## III. All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval

Although Lynn's Food Stores determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. See Dees, 706 F. Supp. 2d

8

at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

Id. at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

### a. *There is no fraud or collusion behind the settlement.*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. See Bonilla v. Shiner's Car Wash, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. There was no fraud or collusion behind the settlement.

### b. *The complexity, expense, and length of future litigation militate in favor of the settlement.*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. Both sides would bear some risk if the case proceeds to trial. With respect to all of Plaintiffs' claims, Plaintiffs would risk

9

recovering nothing on their various claims, and Defendants would risk the possibility of an adverse judgment and fee award.

    c. *The stage of the litigation weighs in favor of approval of the settlement.*

While some court ordered discovery has taken place, the parties resolved this matter prior to any significant efforts with respect to discovery, summary judgment, and/or trial preparation. If the Parties are required to litigate, each side will incur fees and costs that may quickly exceed the amount of compensation and other damages at issue. Thus, the stage of the litigation weighs in favor of approval of the settlement.

    d. *Plaintiffs' probability of success on the merits is uncertain.*

Plaintiff's probability of success on the merits is not a certainty. Defendants deny Plaintiffs' allegations and contend that Plaintiffs were paid properly for all work performed. While Plaintiffs might ultimately prevail if the case proceeds to trial, it is likewise possible Defendants will establish Plaintiffs were paid all amounts due and Plaintiffs will recover nothing.

    e. *The Parties weighed the opinions of counsel in deciding whether to settle.*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle.

### *f. Additional Fairness Considerations*

The Parties agree that the resolution of Plaintiffs' claims are fair and reasonable. As set forth in Section I above, each Plaintiff is receiving a total payment of at least double the FLSA wages (both back and liquidated) alleged by Plaintiffs to be owing, and some of the Plaintiffs are receiving significantly more than double the FLSA wages allegedly owing. Accordingly, Plaintiffs are not only being provided the entire FLSA compensation in which they seek, they are also being provided additional and valuable consideration for the additional concessions (general release and resolution of Count II) contained in the Settlement Agreement, and the inclusion of these terms do not contaminate the settlement of the FLSA wage claims. For avoidance of doubt, the amounts being provided to Plaintiffs above and beyond their FLSA claims set forth in their interrogatories, are attributable to a resolution of Count II of the Complaint and for the inclusion of a general release in the Settlement Agreement.

### IV. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

This Court noted in Dees that a compromise must award the plaintiff's counsel a reasonable fee. See Dees, 706 F. Supp. 2d at 1243. The Court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that

the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. See <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); see also <u>Dees</u>, 706 F. Supp. 2d at 1243 (quoting Bonetti). Such is the case here. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiffs' counsel. Moreover, and as confirmed by Paragraph 11 of the Settlement Agreement, the amounts being paid to Zandro E. Palma, P.A. were negotiated separately and without regard to the amounts paid to Plaintiffs.

## **CONCLUSION**

The Parties respectfully request the Court to approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiffs would seek at trial against the risk that Plaintiffs might recover nothing if the case were to proceed. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

*WHEREFORE*, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Respectfully submitted this 1st day of April, 2024.

| THE LAW OFFICES OF ZANDRO E. PALMA P.A**.** | PETERSON & MYERS, P.A. |
|---|---|
| By:*/s/ Zandro E. Palma* | By:    */s/ Nicholas L. Sellars* |
| Zandro E. Palma, Esq. | Nicholas L. Sellars |
| Florida Bar No.: 24031 | Florida Bar No. 0119379 |
| Zandro E. Palma, Esq. | P. O. Box 24628 |
| 9100 S. Dadeland Blvd, Suite 1500, | Lakeland, FL 33802-4628 |
| Miami, Florida, 33156 | Telephone: (863) 683-6511 |
| Telephone: 305-446-1500 | Fax: (863) 682-8031 |
| Fax: 305-446-1502 | nsellars@petersonmyers.com |
| E-mail: zep@thepalmalawgroup.com | nlsservice@petersonmyers.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2024, I electronically filed the foregoing with the using the CM/ECF system which has served a copy on all counsel of record.

*/s/ Nicholas L. Sellars*
Nicholas L. Sellars