UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNIFER JONES, et al.,

Plaintiffs,

v. CASE NO. 3:23-cv-760-WWB-JBT

JOHN E. FEREBEE FARMING, INC.,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on the Parties' Revised Joint Motion for Approval of Settlement and Dismissal with Prejudice and Incorporated Memorandum of Law ("Motion") (Doc. 35). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. Because the parties have now satisfied the undersigned's previous concerns (*see* Doc. 34), the undersigned recommends that the proposed Settlement Agreement and General Release ("Agreement") (Doc. 35-1) is a fair and reasonable resolution of a bona fide dispute over FLSA issues. *See Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1555 (11th Cir. 1982). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the Agreement be **APPROVED**, and the case be **DISMISSED with prejudice**.

## I. Background

Plaintiffs filed the instant action seeking unpaid overtime wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (Doc. 1.) According to the Complaint, Plaintiffs were employed by Defendant as farm laborers on Defendant's potato farm from approximately June 13, 2023, to June 21, 2023. (Doc. 1 at 4.) Plaintiffs alleged that they "were sent to work in Candem, NC" where they "worked a total of one week with 62 hours." (*Id.*) Plaintiffs Jennifer Jones, Terrell Bolling, and Quanika Drake further alleged that they "did not receive wages corresponding with the number of hours worked," that they were not paid for four hours of training time, and that "they were paid at an hourly rate lower than the required minimum wage." (*Id.*) Plaintiffs Levy Ayers and J.K. (a minor) alleged that they "did not receive wages at all." (*Id.*) Additionally, Plaintiffs alleged that they were fired after they complained to their superiors.[1] (*Id.* at 5.)

The Agreement provides for a total settlement payment in the amount of $20,000.00, inclusive of attorney's fees and costs, which the parties submit

[1] Plaintiffs also brought a retaliation claim under the FLSA (Doc. 1 at 14–18), which is also resolved by the Agreement and does not require court approval. *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-ORL-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), report and recommendation adopted, No. 6:10-cv-1583-ORL-36, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012) ("Because *Lynn's Foods*, 679 F.2d at 1355, only requires 'compromises of FLSA back wage or liquidated damage claims' to be presented to the District Court for a determination of whether the proposed settlement is fair and reasonable, the Court does not need to review the parties' settlement of [p]laintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA claim.")

represents a "fair and reasonable" resolution of a *bona fide* dispute. (Doc. 35 at 8–12.) The Motion requests that the Court approve the Agreement and enter an order dismissing the case with prejudice. (*Id.* at 12.)

**II. Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and

reasonable [resolution] of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorney's fees are negotiated separately from the payment to

[2] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

## III. Analysis

Plaintiffs claim that they are entitled to compensation, including back wages and liquidated damages, in the total amounts of:

Jennifer Jones - $291.00

Terrel Bolling - $262.00

Quanika Drake - $621.50

Levy Ayers - $792.00

J.K, a minor - $1,364.00

(Doc. 35 at 6.)

Under the Agreement, Plaintiffs are set to receive the following amounts:

Jennifer Jones - $2,250.00

Terrell Bolling - $2,250.00

Quanika Drake - $2,500.00

Levy Ayers - $2,500.00

J.K. - $3,000.00

(*Id.* at 7; Doc. 31-5 at 10.)

Thus, each Plaintiff is receiving at least double the FLSA wages and liquidated damages allegedly owed and some of the Plaintiffs are receiving

significantly more than double. (Doc. 35 at 7.) These excess amounts represent additional consideration for the general release contained in the Agreement and for the resolution of the retaliation claims in Count II of the Complaint. (*Id.* at 6.)

Moreover, the Parties dispute, among other things, 1) "whether Plaintiffs are actually owed back wages or whether they were paid all amounts due"; 2) whether Plaintiffs were "actually employees of Defendant"; and 3) whether North Carolina or Florida minimum wage applies. (*Id.* at 8.) The undersigned recommends that the above issues are bona fide FLSA issues that are actually in dispute.

In light of the above, Plaintiffs appear to be receiving a reasonable recovery. Additionally, Plaintiffs are represented by an attorney. Thus, the undersigned recommends that the Agreement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding the $7,500.00 for attorney's fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. The parties represent that they negotiated the recovery of attorney's fees and costs separately from the recovery to Plaintiffs. (Doc. 35 at 12.) Additionally, there is no reason to believe that Plaintiffs' recovery was adversely affected by the separately agreed-upon fees and costs. Although Plaintiffs' counsel did not submit time and cost records, the amount does not appear unreasonable on its face, and it appears that counsel is being adequately

compensated for his work. Thus, both aspects of the *Silva* attorney's fee inquiry are satisfied.[3] Accordingly, the undersigned recommends that the proposed Agreement be approved.

## IV. Conclusion

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 35**) be **GRANTED**.
2. The Agreement (**Doc 35-1**) be **APPROVED**.
3. The case be **DISMISSED with prejudice**.
4. The Clerk of Court be directed to close the file.

## Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

[3] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

**DONE AND ENTERED** in Jacksonville, Florida, on April 15, 2024.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger
United States District Judge

Counsel of Record